# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

MICHAEL VINOCUR,

     Plaintiff,

-vs-

EQUIFAX INFORMATION

SERVICES LLC

     Defendant.

Case No.

FILED BY_____D.C.

NOV 19 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Michael Vinocur (hereinafter "Plaintiff"), for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and fees brought pursuant to the FCRA.

**1**

2.     In America, Equifax Information Services LLC (hereinafter "Equifax"), is a consumer reporting agency (hereinafter "CRA").

3.     CRA's that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Broward County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      He (Plaintiff) is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to him.

14.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

15.     In or about late 2024, Plaintiff began researching the requirements for a mortgage loan to purchase a home, and as part of the process, Plaintiff's obtained a copy of his credit file. To his surprise, Plaintiff's had identified several inaccuracies with his report.

16.     On or about October 24th, 2024, Plaintiff obtained a copy of his Equifax credit report as a part of a three-bureau report. Upon review, Plaintiff observed the following accounts which did not belong to him.

      i.   PENTAGON FCU - Partial Account Number - 4052

      ii.   DIGITAL EFCU - Partial Account Number - 1141

      iii.   PENTAGON FCU - Partial Account Number - 4016

      iv.   JPMCB CARD – Partial Account Number - 3117

      v.   PENTAGON FCU – Partial Account Number - 0353

      vi.   HAPPY MONEY - Partial Account Number - CDC51

      vii.   FNB OMAHA - Partial Account Number - 1665

      viii.   AMEX - Partial Account Number - 8743

ix.   AMEX – Partial Account Number – 4603

x.   AMEX - Partial Account Number - 2603

xi.   AMEX - Partial Account Number - 0123

xii.   GS BANKGM - Partial Account Number - 9163

xiii.   ALLIANT CU - Partial Account Number - 1297

xiv.   CREDIT COLL - Partial Account Number - 0046

xv.   WC / KOALAFI - Partial Account Number - 26X1

xvi.   AMEX – Partial Account Number - 4043

xvii.   FNB OMAHA – Partial Account Number - 4644

xviii.   CWS/CW NEXUS – Partial Account Number - 3035

17.    On or about October 24th, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 179223290. In this report, he explained that he was a victim of identity theft and that erroneous accounts were listed in his credit report which did not belong to him.

18.    On or about October 24th, 2024, Plaintiff reported the inaccurate reporting of the erroneous accounts by Equifax to the Consumer Financial Protection Bureau ("CFPB"), File ID 241024-16643410.

19.     In the CFPB report, Plaintiff detailed the fact that the erroneous aforementioned accounts did not belong to him, and he requested an investigation into the inaccurate reporting.

20.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

21.     On or about October 31st, 2024, Plaintiff contacted Equifax to inquire as to the status of the investigation and the suppression of erroneous accounts. Plaintiff was advised that the Identity Theft Affidavit from the Federal Trade Commission was not accepted as it was not valid.

22.     On or about October 31st, 2024, Plaintiff contacted Federal Trade Communication identity theft hotline to confirm if the identity theft affidavit was invalid. The representative thoroughly reviewed Plaintiffs file and found no errors or defects with the identity theft affidavit.

23.     On or about October 31st, 2024, Plaintiff reported the continued inaccurate reporting of the erroneous accounts by Equifax, as well as the confirmed valid FTC affidavit, to the Consumer Financial Protection Bureau ("CFPB"), File ID 241031-16749820.

24.     On or about November 8th, 2024, Plaintiff received dispute results from Equifax as to CFPB Complaint 241024-16643410. Confirmation #

4309519050. Equifax stated it deleted some of the disputed hard inquiries, some accounts stopped reporting, and only the following accounts were verified as reported.

    i.  American Express, partial account number ending in 2603

    ii.  FNB OMAHA, partial account number ending 4644

    iii.  PENTAGON, partial account numbers ending in 0044, 2961, 1968

    iv.  GS BANK USA – GENERAL MOTORS, partial account number ending in 9163

    v.  CW NEXUS C, partial account number ending in 3035

25.      Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

26.      Equifax never attempted to contact Plaintiff during the alleged investigation.

27.      On or about November 10th, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the erroneous information and determined the new complaint (241031-16749820) to be frivolous.

28.      On or about November 11th, 2024, Plaintiff was alerted to a data breach that occurred in 2017 at Equifax where consumer details such as social

security numbers, dates of births, addresses, and other sensitive information were stolen from Equifax and subsequently bought and sold illegally.

29. On or about November 11th, 2024, Plaintiff visited a settlement website established on behalf of Equifax to inform consumers if they were impacted by the event. Plaintiff provided his last name and a portion of his social security number and was informed that he was impacted and was provided an engagement number for the incident, B023677.

30. On or about November 11th, 2024, Plaintiff reported the discovery of Plaintiff being a victim of the defendant's data breach but refusing to act on his requests for assistance in relation to identity theft to the Consumer Financial Protection Bureau ("CFPB"), File ID 241110-16894225.

31. After receiving the complaint and supporting documentation from Equifax's settlement website, Equifax declined to suppress the erroneous accounts.

32. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

33. Equifax never attempted to contact Plaintiff during the alleged investigation.

34. On or about November 16th, 2024, Plaintiff obtained another copy of his Equifax credit report as a part of a 3-credit bureau report.

35.     Despite Equifax previously responding that the accounts had been verified as accurate, the account details from Equifax did not match any other credit report.

36.     On or about November 16th, 2024, Plaintiff reported the continued inaccurate reporting of the erroneous accounts by Equifax to the Consumer Financial Protection Bureau ("CFPB"), File ID 241116-17000395.

37.     After receiving the complaint and supporting documentation demonstrating significant errors and material defects in the data being provided by Equifax, Equifax declined to delete the erroneous accounts.

38.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

39.     Equifax never attempted to contact Plaintiff during the alleged investigation.

40.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Defendant continues to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

41.     Defendant has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

42.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

43.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.  Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in credit report purchase fees, wasted ink and paper, and wasted time;

    ii.  Loss of time attempting to cure the errors;

    iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.  Denials for pre-approved offers for new lines of credit;

    v.  Apprehensiveness to apply for new credit due to the fear of rejection; and

    vi.  Defamation as Defendant published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I

### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

44.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

45.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

46.     Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

47.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

48.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

49.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

11

50.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

51.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53.     Plaintiff is entitled to recover costs and fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II

### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

54.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

57.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

59.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

61.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

63.     Plaintiff is entitled to recover costs and fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III

### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

64.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

65.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

66.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

67.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this

information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.     Plaintiff is entitled to recover costs and fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV

### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

71.      Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

72.      After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

73.      Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.      Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this

information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

75.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.     Plaintiff is entitled to recover costs and fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V

### Violations of 15 U.S.C. § 1681g as to

### Defendant, Equifax Information Services LLC (Negligent)

78.      Plaintiff re-alleges and incorporates paragraphs one (1) through forty-

three (43) above as if fully stated herein.

79.      After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g

by failing to disclose to Plaintiff all information in Plaintiff's credit file.

80.      Plaintiff provided Equifax appropriate and sufficient proofs of identity

to allow Equifax to create a high degree of confidence in knowing the identity

of Plaintiff.

81.      Despite the sufficient proof of identification produced by Plaintiff,

Equifax refused to conduct any independent investigations into Plaintiff's

disputes and provide any documentation, his credit report, or dispute results

to Plaintiff.

82.      As a direct result of this conduct, action and/or inaction of Equifax,

Plaintiff suffered damage, including without limitation, loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in

applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI

### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

87.     Plaintiff provided Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

**20**

88.     Despite the sufficient proof of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

89.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.     Plaintiff is entitled to recover costs fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL VINOCUR, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 19th Day of November 2024.

Respectfully submitted,

Michael Vinocur – Pro Se
954-292-7722
michaelvinocur@ymail.com
1633 NW 91st Ave Apt 436
Coral Springs, FL 33071